UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LIDA MOSLEY GREEN | CIVIL ACTION NO. 19-cv-0607 |
| VERSUS | JUDGE FOOTE |
| PATRICIA MOSELY WHITE, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Lida Mosley Green ("Plaintiff") filed this civil action against defendants based on allegations of fraud, conversion, and other related claims. Plaintiff invoked the court's diversity jurisdiction, which puts the burden on Plaintiff to allege complete diversity of citizenship of the parties and an amount in controversy over $75,000.

The complaint states that Plaintiff is domiciled in Louisiana. Plaintiff alleges that the amount in controversy, including attorneys' fees, treble damages for fraud and LUPTA violations, and special damages, is greater than $75,000. In Plaintiff's listing of the parties, she states that defendants Patricia Mosley White and Abel Mosley are residents of Texas. Ordinarily, an allegation of residency would not be sufficient to allege a party's citizenship. However, in the "Jurisdiction" section of her complaint, Plaintiff states that the defendants are domiciled in Texas. Accordingly, the complaint is adequate with regard to these allegations

The complaint states that defendant Charley & Ether Mosley Corporation is a Texas corporation. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set

forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

The need to establish citizenship with specificity at an early stage of the case was recently emphasized in Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530 (5th Cir. 2017), where four years of litigation in federal court were wasted because the plaintiff did not properly plead citizenship in the district court. Accordingly, Plaintiff must amend her complaint to allege the principal place of business of the Charley & Ether Mosley Corporation no later than **June 6, 2019**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of May, 2019.

Mark L. Hornsby
U.S. Magistrate Judge