UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| LIDA GREEN | CIVIL ACTION NO.: 19-CV-00607 |
| Plaintiff | |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| PATRICIA WHITE, ET AL. | MAG. JUDGE MARK L. HORNSBY |
| Defendants | |

_____

**ANSWER**

NOW INTO COURT, through undersigned counsel, come PATRICIA WHITE, ABEL MOSLEY, AND THE CHARLEY & ETHER MOSLEY CORPORATION (hereinafter collectively "Defendants"), who respectfully represent as follows:

**Introductory statement[1]**

Defendants are part of a family consisting of the heirs of Charlie and Lizzie Mosley, who in 1904 acquired approximately 200 acres in DeSoto Parish. In 2004, in response to a partition that resulted in 20 acres being sold at a sheriff's sale, the family formed the Charlie and Lizzie Mosley LLC to attempt to consolidate the heirs' interests and protect themselves from further partition actions.

---

[1] Undersigned counsel understands that an introductory statement in an answer is odd, but it seems appropriate in this circumstance.

This suit is not about the Haynesville Shale. It is about the management of an entity formed in 2011 to manage one part of the family's participation in the LLC—the Charles and Ether Mosley Corporation (the "Corporation"). This introductory statement is to acknowledge that the Corporation (and for that matter, the LLC) has not kept records or managed its affairs as it should have. It is operated by well-intentioned family members who failed to appreciate the magnitude of the undertaking in agreeing to be a director of the Corporation (or manager of the LLC). Their actions are now being characterized as fraudulent and worse. The defendants deny that they have defrauded plaintiff or anyone else.

While defendants could respond to this suit by filing 12(b)6 motions, naming additional defendants, or seeking other procedural relief, defendants are content to attempt to address the claims as directly as they can, rectify the lapses in record keeping, and hopefully, mollify plaintiff.

1. The allegations of Paragraph 1 are denied for lack of information sufficient to justify a belief therein.
2. The allegations of Paragraph 2 are denied as written.
3. The allegations of Paragraph 3 are denied.
4. The allegations of Paragraph 4 are denied.
5. The allegations of Paragraph 5 are denied.
6. The allegations of Paragraph 6 are denied as written.
7. The allegations of Paragraph 7 are denied.
8. The allegations of Paragraph 8 are denied for lack of information sufficient to justify a belief therein.

9. The allegations of Paragraph 9 are admitted.

10. The allegations of Paragraph 10 are denied.

11. The allegations of Paragraph 11 are denied.

12. The allegations of Paragraph 12 are admitted.

13. The allegations of Paragraph 13 are admitted.

14. The allegations of Paragraph 14 are admitted.

15. The allegations of Paragraph 15 are admitted.

16. The allegations of Paragraph 16 are admitted.

17. The allegations of Paragraph 17 are denied.

18. Paragraph 18 contains no allegations, but to the extent an answer is required it is denied.

19. The allegations of Paragraph 19 are admitted.

20. The allegations of Paragraph 20 are admitted.

21. The allegations of Paragraph 21 are admitted in part and denied in part. It is admitted that Charlie/Charley was married to Ether D. Mosley. They had 13 children (Plaintiff Lida Mosley Green is one of those) and more than 40 grandchildren. Further, it is admitted that Plaintiff has a daughter by the name of Joyce Richardson, and she is one of the grandchildren. Joyce Richardson's power-of-attorney is denied because there are unresolved issues surrounding its validity.

22. The allegations in Paragraph 22 are denied.

23. The allegations in Paragraph 23 are admitted.

24. The allegations in Paragraph 24 are admitted.

25. The allegations in Paragraph 25 are admitted.

26. The allegations in Paragraph 26 are admitted.

27. The allegations in Paragraph 27 are denied.

28. The allegations in Paragraph 28 are admitted.

29. The allegations in Paragraph 29 are admitted.

30. The allegations in Paragraph 30 are admitted.

31. The allegations in Paragraph 31 are denied for lack of information sufficient to justify a belief therein.

32. The allegations in Paragraph 32 are denied for lack of information sufficient to justify a belief therein.

33. The allegations in Paragraph 33 are denied.

34. The allegations in Paragraph 34 are denied as written.

35. The allegations in Paragraph 35 are admitted to the extent that Pat and Abel are involved in the responsibilities described.

36. The allegations in Paragraph 36 are denied for lack of information sufficient to justify a belief therein.

37. The allegations in Paragraph 37 are denied for lack of information sufficient to justify a belief therein.

38. The allegations in Paragraph 38 are denied for lack of information sufficient to justify a belief therein.

39. The allegations in Paragraph 39 are denied f for lack of information sufficient to justify a belief therein.

40. The allegations in Paragraph 40 are denied.

41. The allegations in Paragraph 41 are denied.

42. The allegations in Paragraph 42 are denied.

43. The allegations in Paragraph 43 are denied.

44. The allegations in Paragraph 44 are denied.

45. The allegations in Paragraph 45 are denied for lack of information sufficient to justify a belief therein.

46. The allegations in Paragraph 46 are denied for lack of information sufficient to justify a belief therein.

47. The allegations in Paragraph 47 are denied for lack of information sufficient to justify a belief therein.

48. The allegations in Paragraph 48 are denied.

49. The allegations in Paragraph 49 are denied.

50. The allegations in Paragraph 50 are denied.

51. The allegations in Paragraph 51 are denied.

52. The allegations in Paragraph 52 are admitted.

53. The allegations in Paragraph 53 are denied for lack of information sufficient to justify a belief therein.

54. The allegations in Paragraph 54 are denied.

55. The allegations in Paragraph 55 are admitted.

56. The allegations in Paragraph 56 are admitted.

57. The allegations in Paragraph 57 are denied.

58. The allegations in Paragraph 58 are admitted.

59. The allegations in Paragraph 59 are admitted.

60. The allegations in Paragraph 60 are admitted.

61. The allegations in Paragraph 61 are admitted.

62. The allegations in Paragraph 62 are denied.

63. The allegations in Paragraph 63 are denied.

64. The allegations in Paragraph 64 are admitted.

65. The allegations in Paragraph 65 are admitted.

66. The allegations in Paragraph 66 are admitted.

67. The allegations in Paragraph 67 are admitted.

68. The allegations in Paragraph 68 are admitted.

69. The allegations in Paragraph 69 are denied for lack of information sufficient to justify a belief therein.

70. The allegations in Paragraph 70 are denied.

71. The allegations in Paragraph 71 are admitted.

72. The allegations in Paragraph 72 are denied.

73. The allegations in Paragraph 73 are admitted.

74. The allegations in Paragraph 74 are denied.

75. The allegations in Paragraph 75 are denied.

76. The allegations in Paragraph 76 are admitted.

77. The allegations in Paragraph 77 are denied.

78. The allegations in Paragraph 78 are denied.

79. The allegations in Paragraph 79 are denied.

80. The allegations in Paragraph 80 are denied.

81. The allegations in Paragraph 81 are denied.

82. The allegations in Paragraph 82 are denied.

83. The allegations in Paragraph 83 are denied.

84. The allegations in Paragraph 84 are admitted as a statement of Louisiana law.

85. The allegations in Paragraph 85 are denied.

86. The allegations in Paragraph 86 are denied.

87. The allegations in Paragraph 87 are denied as written.

88. The allegations in Paragraph 88 are denied for lack of information sufficient to justify a belief therein.

89. The allegations in Paragraph 89 are denied.

90. The allegations in Paragraph 90 are denied.

91. The allegations in Paragraph 91 are denied.

92. The allegations in Paragraph 92 are denied.

93. The allegations in Paragraph 93 are admitted.

94. The allegations in Paragraph 94 are denied.

95. The allegations in Paragraph 95 are denied.

96. The allegations in Paragraph 96 are denied.

97. The allegations in Paragraph 97 are denied.

98. The allegations in Paragraph 98 are denied.

99. The allegations in Paragraph 99 are admitted.

100. The allegations in Paragraph 100 are denied.

101. The allegations in Paragraph 101 are denied.

102. The allegations in Paragraph 102 are denied as written.

103. The allegations in Paragraph 103 are denied.

104. The allegations in Paragraph 104 are admitted.

105. The allegations in Paragraph 105 are denied.

106. The allegations in Paragraph 106 are admitted.

107. The allegations in Paragraph 107 are admitted.

108. The allegations in Paragraph 108 are denied as written.

109. The allegations in Paragraph 109 are admitted.

110. The allegations in Paragraph 110 are denied.

111. The allegations in Paragraph 111 are admitted.

112. The allegations in Paragraph 112 are admitted.

113. The allegations in Paragraph 113 are denied.

114. The allegations in Paragraph 114 are denied.

115. The allegations in Paragraph 115 are admitted as a statement of Louisiana law.

116. The allegations in Paragraph 116 are admitted.

117. The allegations in Paragraph 117 are denied for lack of sufficient information to justify a belief therein.

118. The allegations in Paragraph 118 are denied.

119. The allegations in Paragraph 119 are denied.

120. The allegations in Paragraph 120 are admitted.

121. The allegations in Paragraph 121 are admitted.

122. The allegations in Paragraph 122 are denied.

123. The allegations in Paragraph 123 are denied.

124. The allegations in Paragraph 124 are denied.

125. The allegations in Paragraph 125 are admitted.

126. The allegations in Paragraph 126 are denied.

127. The allegations in Paragraph 127 are denied.

128. The allegations in Paragraph 128 are denied.  Further answering, Dayton Mosley, the owner of the home evicted Plaintiff.  He had attempted the same thing more than a year before as well.

129. The allegations in Paragraph 129 are denied.

130. The allegations in Paragraph 130 are denied.

131. The allegations in Paragraph 131 are denied.

132. The allegations in Paragraph 132 are denied.

133. The allegations in Paragraph 133 are denied.

134. The allegations in Paragraph 134 are denied.

135. The allegations in Paragraph 135 are denied.

136. The allegations in Paragraph 136 are denied.

137. The allegations in Paragraph 137 are admitted as a statement of Louisiana law.

138. The allegations in Paragraph 138 are denied.

139. The allegations in Paragraph 139 are denied.

140. The allegations In Paragraph 140 are denied.

141. The allegations in Paragraph 141 are denied.

142. The allegations in Paragraph 142 are denied.

143. The allegations in Paragraph 143 are denied.

144. The allegations in Paragraph 144 are denied.

145. The allegations in Paragraph 145 are denied.

146. The allegations in Paragraph 146 are denied.

147. The allegations in Paragraph 147 are denied.

148. The allegations in Paragraph 148 require no answer, but to the extent an answer is required, are denied.

Now answering further, Defendants assert the following affirmative defenses:

149. Plaintiff's alleged damages, if any, were caused by the contributory negligence of Plaintiff or other of her agents. Plaintiff has failed to manage her multiple POA's and other grants of authority leading to confusion over who is authorized to act on her behalf.

150. Plaintiff is estopped from asserting her claims due to the passage of time and her acquiescence in the Defendants' actions for years.

151. Plaintiff's claims relating to matters beyond the applicable prescriptive periods are barred.

WHEREFORE, PATRICIA WHITE, ABEL MOSLEY, AND THE CHARLEY & ETHER MOSLEY CORPORATION pray that Defendants' answer be deemed good and sufficient and that after all due proceedings had there be judgment in their favor dismissing the claims asserted against them by Lida Green, with prejudice, and for all general and equitable relief this Court

deems necessary and proper, and for attorneys' fees in accordance with the law, and all costs of these proceedings.

                                        Respectfully submitted,

                                        KEVIN W. HAMMOND, APLC

By:    */s/ Kevin W. Hammond*
          Kevin W. Hammond
          Louisiana Bar Roll No. 25076

          REGIONS BANK BUILDING
          333 Texas Street, Suite 1401
          Shreveport, Louisiana 71101
          Telephone   (318) 213-8850
          Facsimile    (318) 213-8860

- -    Attorney for Patricia White, Abel Mosley, and the Charley & Ether Mosley Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Answer to all Defendants has this day been served upon all parties listed herein by the method(s) indicated below:

> William Most
> Law Office of William Most, L.L.C.
> 201 St. Charles Avenue, Suite 114, #101
> New Orleans, LA  70170
> williammost@gmail.com

> X     Email
> ☐     US Mail
> ☐     Facsimile
> ☐     Hand Delivery

Shreveport, Louisiana, this 28th day of August, 2019.

*s/ Kevin W. Hammond*