UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LIDA MOSLEY GREEN                    CIVIL ACTION NO. 19-cv-0607

VERSUS                               JUDGE FOOTE

PATRICIA MOSLEY WHITE, ET AL         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Lida Mosley Green ("Plaintiff") filed this civil action against family members and a family-run corporation in which Plaintiff is a shareholder. Plaintiff alleges that she suffers from dementia and that the defendants have forged her signature and engaged in other wrongdoing that caused her financial losses. She also alleges that the defendants engaged in a retaliatory eviction that amounted to intentional infliction of emotional distress.

Plaintiff recently filed a Motion for Contempt of Subpoena (Doc. 6) that asked the court to hold Dayton Mosley in contempt for failure to comply with a subpoena. Mosley is not a party to the case, but he is described as an important witness who personally participated in the eviction of Plaintiff from her home. Mr. Mosley served a response to the subpoena, but counsel for Plaintiff complained that it was bare-bones and did not fully respond to the demands of the subpoena.

Mr. Mosley later obtained help from attorney Pete Kammer, who provided *pro bono* representation. Mr. Mosley then served Plaintiff's counsel with a supplemental response that provided details about his lack of email or text records, described efforts to locate a

potentially relevant telephone bill and provide it when it is obtained, and produced several pages of records that were not in Mr. Mosley's possession but which he obtained from the public records at his own expense. Doc. 26.

Plaintiff filed another brief (Doc. 28) that acknowledged receipt of that supplemental response and 81 pages of documents. Counsel nonetheless demanded that Mr. Mosley pay Plaintiff's attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). The rule provides that if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order such payment if the opposing party's non-disclosure was substantially justified or other circumstances make an award of expenses unjust.

The record suggests that Mr. Mosley, who is not a party and was not represented by counsel for much of the proceedings, made reasonable efforts under the circumstances to comply with the subpoena. Soon after he gained assistance from attorney Kammer, he filed a complete response that included documents that were not even in his possession but which he obtained, just as Plaintiff could have, from the public records. Those circumstances weigh against an award of fees.

Furthermore, Rule 26(d)(1) provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless subject to an exception or when authorized by a stipulation or court order. Plaintiff's counsel made efforts to serve the subpoena on Mr. Mosley in June and July of 2019. The named

defendants did not even file an answer until August 28, 2019. The court did not set a scheduling conference and order the Rule 26(f) meeting until September 2019. Doc. 19. Accordingly, the subpoena served on Mr. Mosley appears to have been premature.

Considering the prematurity of the discovery request, together with the facts described above, the court finds that the circumstances make an award of expenses unjust. Plaintiff is no longer requesting any relief other than such an award. Accordingly, **Plaintiff's Motion for Contempt of Subpoena (Doc. 6) is denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of September, 2019.

Mark L. Hornsby
U.S. Magistrate Judge