UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| LIDA GREEN | ) | CIVIL ACTION NO.: 19-CV-00607 |
| | ) | |
| Plaintiff | ) | JUDGE ELIZABETH E. FOOTE |
| vs. | ) | |
| | ) | MAG. JUDGE MARK L. HORNSBY |
| PATRICIA WHITE, ET AL. | ) | |
| | ) | |
| Defendants | ) | |

_____

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS**

Defendants PATRICIA WHITE, ABEL MOSLEY, AND THE CHARLEY & ETHER MOSLEY CORPORATION (hereinafter collectively "Defendants"), have moved this Court for an order quashing subpoenas commanding that Defendants and others appear for depositions in New Orleans on February 11, 2020.  They now offer the following in support of that Motion.

**FACTUAL BACKGROUND**

This suit is principally about the management or alleged mismanagement of two closely- held, family entities.  Plaintiffs suit, however, raises claims relating to an eviction, alleged unfair trade practices, and other various, supposed evils.  In response to the initial petition, rather than moving for dismissal, Defendants attempted to address plaintiff's concerns.  Defendants have produced in excess of 600 pages of documents and answered multiple rounds of interrogatories and requests for admissions in attempt to satisfy plaintiff.  This only resulted in amended pleadings.  Defendants responded by filing a motion to dismiss on November 20, 2019.

Defendants originally agreed to have both the defendants' and the plaintiff's depositions in Shreveport commencing the morning of January 14th.  These depositions were

rescheduled at defense counsel's request when January 13th took on some local significance (and to permit the parties additional time to work through some outstanding discovery issues). The rescheduled depositions were recently canceled due to issues with Abel Mosely's health. In a barrage of 5 emails beginning at 5:20 AM, Plaintiff's counsel now insists that the defendants breached an agreement and the depositions must therefore be scheduled in New Orleans with Defendants "bear[ing] the risk" that the plaintiff's counsel's wife goes into labor early.

Defendants have filed a motion to stay discovery (Doc 42). The Court has scheduled a status conference for February 13. The depositions have been noticed for February 11 and subpoenas have issued commanding defendants' (and others') presence in New Orleans. Accordingly, Defendants seek to quash the notices and subpoenas.

## II.     LAW and ARGUMENT

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990)). The requested relief is well within the Court's power under the applicable rules.

Fed. R. Civ. P. 45 requires that party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." "On timely motion, [a] court ... must quash or modify a subpoena" if it "subjects [the subpoenaed] person to undue burden." Rule 45(d)(3)(A)(iii)-(iv).

Additionally, a subpoena issued for discovery purposes is also subject to the discovery limitations of Fed. R. Civ. P. 26(b). *See, Jones v. Steel Fabricators of Monroe LLC*, 2015 WL 5676838, *3 (W.D. La. 2015), report and recommendation adopted, 2015 WL 6023143 (W.D.

La. 2015).  Rule 26(b)(1) allows discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.

Rule 26(b)(1) lists the following factors to consider when assessing whether the discovery sought is proportional to the needs of the case: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs the likely benefit. Rule 26(b)(2)(C) requires the court to limit discovery if (1) it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Given the small amounts at issue in this matter and the significant expense associated with the subject depositions (particularly in New Orleans), the discovery should be disallowed at this time.  There is no compelling reason for discovery to continue during the pendency of the defendants' motion to stay (or its motion to dismiss for that matter).  One of the defendants is going through treatment for prostate cancer.  Plaintiff's counsel is expecting a baby and planning paternity leave.  There are no urgent circumstances that require that the discovery be had at this moment.  Additionally, plaintiff's increasingly unreasonable demands mean that several issues will need to be resolved if discovery continues.  Under these circumstances, quashing the noticed depositions and accompanying subpoenas is approriate.

Finally, Plaintiff has noticed the deposition of the non-party Lizzie and Charley Mosley, LLC.  The entity is domiciled in and generally conducts its business in Shreveport.  A deposition noticed in New Orleans is beyond the geographical limits specified in FRCP45(c).  FRCP 45(d)(3)(a)(ii) requires that such a subpoena be quashed.  While it is likely that Patricia White would handle some of the testimony for the entity, it is certain that there would be others as well and it makes no sense to have multiple dates for this non-party's deposition.

Accordingly, Defendants pray for an order that quashing the notices of deposition and the accompanying subpoenas purporting to command the presence of Patrica White, the Charley and Ether Mosley Corporation, and the Lizzie and Charley Mosley, LLC, in New Orleans, Louisiana on February 11, 2020.

                    Respectfully submitted,

                    KEVIN W. HAMMOND, APLC

By:    */s/ Kevin W. Hammond*
        Kevin W. Hammond
        Louisiana Bar Roll No. 25076
        REGIONS BANK BUILDING
        333 Texas Street, Suite 1401
        Shreveport, Louisiana 71101
        Telephone   (318) 213-8850
        Facsimile    (318) 213-8860

- -    Attorney for Patricia White, Abel Mosley, and the Charley & Ether Mosley Corporation