UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LIDA MOSLEY GREEN | CIVIL ACTION NO. 19-607 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| PATRICIA MOSLEY WHITE, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

This case involves a dispute between family members over profits derived from the use of inherited family property for oil and timber resources. Now before the Court is a Motion to Dismiss for failure to state a claim filed by Patricia White ("White"), Abel Mosley ("Mosley"), and the Charley & Esther Mosley Corporation ("the Corporation") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6). [Record Document 36]. Plaintiff Lida Mosley Green ("Plaintiff") has filed an opposition. [Record Document 38]. For the reasons discussed below, the motion to dismiss [Record Document 36] is **DENIED** without prejudice to refiling.

## BACKGROUND

Plaintiff states that she owns a percentage of two corporations that have control over land belonging to the Mosley family, of which she is a member, and that she receives periodic checks for her share of the profits from the use of that land. Record Document 70, ¶s 1–3. Plaintiff asserts that those two corporations are managed by Defendants White and Mosley, her relatives. *Id.* at ¶ 2. White and Mosley control the distribution of the profits from the corporation. *Id.* at ¶s 35–36. According to Plaintiff, "in recent years" Defendants have been forging her signature on the endorsement line of her checks for the land proceeds and depositing the money into an account that they control. *Id.* at ¶s 4–5. An investigation by Chase Bank in September of 2018 determined that White deposited a check payable to Plaintiff "into an account that [White] is a signer on." *Id.* at ¶

1

7. Plaintiff states that she now seeks "compensation and accountability for Defendants' theft, fraud, and breaches of fiduciary duty." *Id.* at ¶ 8.

The complaint alleges several causes of action. Plaintiff claims that White and Mosely are liable to her for theft/conversion, fraud, unjust enrichment, breach of fiduciary duty, negligent and/or intentional infliction of emotional distress, and violations of the Louisiana Unfair Trade Practices Act ("LUTPA"). *Id.* at 10–15. She also accuses Mosley of breaching his mandate obligations. *Id.* at 14. Plaintiff claims that "[a]ll Defendants" have breached the operating agreement of the Lizzie and Charlie Mosley, L.L.C.[1] by failing to carry out tasks required by the operating agreement and also claims that the Corporation owes her an accounting. *Id.* at 11–12. Plaintiff seeks declaratory relief, compensatory damages, special damages, court costs and attorney's fees, injunctive relief, and interest. *Id.* at 15–16.

## LAW AND ANALYSIS

Defendants argue that the Court should dismiss all of Plaintiff's claims for several reasons, including that Plaintiff's claims do not meet the amount in controversy requirement for subject matter jurisdiction under 28 U.S.C. § 1332(a). Record Document 36-1, pp. 9 & 11. Although Defendants have labeled the instant motion as one under Rule 12(b)(6) for the failure to state a claim, the Court will construe Defendants' motion, to the extent that it challenges the Court's subject matter jurisdiction, as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Because courts should resolve jurisdictional attacks before addressing the merits of a case, the Court will begin by resolving the amount in controversy issue. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

---

[1] Although not relevant to this ruling, the Court notes that the LLC is not a defendant in this action.

2

**I.      Legal Standard**

"Motions filed under Rule 12(b)(1) allow a defendant to challenge the subject matter jurisdiction of the court to hear a case." *Id.* "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). There are two main types of federal subject matter jurisdiction: federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. As the party asserting jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Ramming*, 281 F.3d at 161. Courts are to accept the veracity of the facts and accusations set forth in a complaint, and any motion to dismiss based on Rule 12(b)(1) should only be granted when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders*, 143 F.3d at 1010); *see Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).

**II.     Amount in Controversy**

Plaintiff asserts that the Court has diversity jurisdiction in this matter. Record Document 70, ¶ 9. The district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and is between citizens of different states. 28 U.S.C. § 1332(a). The diversity requirement of § 1332 (a)(1) requires complete diversity amongst the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In this case, Defendants do not dispute the existence of complete diversity, but they instead assert that

Plaintiff's claims do not meet the amount in controversy requirement. Record Document 36-1, p. 9.

When assessing the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Bloom v. Depository Trust Co.*, 136 F.3d 1328, 1328 (5th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). The general rule is that, in order to justify dismissal, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* However, the Fifth Circuit has held that the "legal certainty" test does not apply "when the plaintiff has alleged an indeterminate amount of damages." *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *St. Paul Mercury Indem.*, 303 U.S. at 288–89). If a complaint fails to allege a specific amount of damages, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id.*

A court may find that the preponderance of the evidence standard has been met if it is "facially apparent" from the complaint that the claims likely exceed the amount in controversy requirement. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If this "facially apparent" test is not met, "the district court can then require parties to submit summary judgment-type evidence." *Id.* The Court may rely on this evidence to ascertain the amount in controversy. *St. Paul Reinsurance*, 134 F.3d at 1253. "Importantly, the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *Id.* at 1253–54.

### III. Application

The Court finds that additional evidence is needed in order to ascertain whether the amount in controversy requirement is met in this case. Although Plaintiff has amended her complaint three times, she still has not resolved the amount in controversy issue. Record Document 70. Plaintiff does not assert a specific amount in controversy but merely states that "[t]he amount in controversy . . . is greater than $75,000." *Id.* at 2. As such, the "legal certainty" test does not apply, and Plaintiff must establish the amount in controversy by a preponderance of the evidence. *St. Paul Reinsurance*, 134 F.3d at 1253. Plaintiff cannot meet this standard through her complaint because it is not facially apparent that her claims amount to more than $75,000. *Allen*, 63 F.3d at 1135.

In her complaint, Plaintiff prays for both monetary and non-monetary relief. Regarding damages, she requests both compensatory and special damages, along with interest, attorneys' fees, and court costs. Record Document 70, ¶ 154. Many of her causes of action arise from her allegations that Defendants stole checks from her by forging her signature and depositing them in their own accounts. *Id.* at ¶s 89–107. Plaintiff provides a chart detailing information about "the forged checks that have so far been discovered," which lists fourteen checks between the years 2011 and 2017. *Id.* at ¶ 48. The amounts of these checks total less than $2,000.00. *Id.* Plaintiff fails to articulate how Defendants' other complained-of actions caused her financial damages. Most of her remaining complaints relate to White's and Mosley's alleged failures as officers of the LLC and the Corporation. Any financial damages that these alleged failures caused Plaintiff individually are not articulated in the petition.[2] Plaintiff does bring a claim for negligent and/or intentional infliction of emotional distress against White and Mosley for allegedly causing an individual named Dayton

---

[2] Plaintiff claims that Mosley reported $51,756 in royalties on his 2016 tax return. Record Document 70, ¶ 82. However, Plaintiff does not make clear if this amount was more than Mosley was entitled to receive.

5

Mosley to evict her from the land she lived on that belongs to the family. *Id.* at 14. If Plaintiff were to succeed on this claim, she would certainly be entitled to money damages. However, Plaintiff provides no facts or law to show that a potential recovery for emotional distress in this instance could generate enough damages to satisfy the amount in controversy requirement.

In asserting that the amount in controversy meets the required amount, Plaintiff also asserts that it will be met by "including attorneys' fees, treble damages for fraud and LUTPA violations, and special damages." *Id.* at 2. In her opposition to Defendants' motion to dismiss, Plaintiff argues that her claims surpass the amount in controversy requirement because she has alleged fraud, which usually merits an award of punitive damages. Record Document 38, p. 11. However, Plaintiff does not provide additional law or argument explaining how, even with punitive damages, her damages that amount to less than $2,000.00 could generate enough damages to exceed the $75,000 threshold. In this case, the complaint does not make it "facially apparent" that the Plaintiff's claims satisfy the amount in controversy requirement. Moreover, "bare allegations [of jurisdictional facts]," such as Plaintiff's assertion that the amount in controversy exceeds $75,000, "have been held insufficient to invest a federal court with jurisdiction." *St. Paul Reinsurance*, 134 F.3d at 1253 (quoting *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994)).

As stated above, when the amount in controversy is not apparent from the complaint, the Court may order parties to submit "summary judgment-type evidence." *Allen*, 63 F.3d at 1335. The Court finds that such an order is appropriate here. Accordingly, Plaintiff will have until **Tuesday, October 27, 2020**, to submit evidence regarding the amount in controversy. Plaintiff should supplement this evidence with a brief not to exceed ten pages. Failure to submit evidence may result in dismissal of Plaintiff's case. Defendants will have until **Tuesday, November 10, 2020**, to submit

their own evidence and brief, also not to exceed ten pages. *See David v. Bank of America, N.A.*, No.:4:13-cv-00116, 2014 WL 12769692, at *3 (N.D. Miss. May 23, 2014).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [Record Document 36] is hereby **DENIED**. Plaintiff has until **Tuesday, October 27, 2020**, to submit evidence and a brief showing that her claims meet the amount in controversy requirement found in 28 U.S.C. § 1332(a). As stated above, failure to submit additional evidence may result in Plaintiff's suit being dismissed. Defendants will have until **Tuesday, November 10, 2020**, to submit their own evidence and brief.

**THUS DONE AND SIGNED** this 30th day of September, 2020.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE