UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| LIDA GREEN                          ) | CIVIL ACTION NO.: 19-CV-00607 |
|               ) | |
|         Plaintiff          ) | JUDGE ELIZABETH E. FOOTE |
| vs.                                 ) | |
|               ) | MAG. JUDGE MARK L. HORNSBY |
| PATRICIA WHITE, ET AL.              ) | |
|               ) | |
|         Defendants        ) | |

_____

**STATEMENT OF MATERIAL FACTS AT ISSUE**

| | Plaintiffs' Material Fact | Defendants' Response |
|---|---|---|
| | | Defendants show there is no dispute regarding Plaintiffs' facts numbered 1-6 |
| 7. | Pat White would receive the checks "made out to various family members, including Lida Green and Dwight Mosley," sign the back of some of them, and then deposit them into the Corporation bank account. | Defendants do not dispute this fact as stated, but rather note that Pat White took over for Ethel Smith who had been performing this task going back more than twenty years.  (Ex A005), and that Plaintiffs were aware of the practice, acknowledged same, and gladly received distributions that they knew came from such deposits.  (Ex A-F, ¶(3)(f)) |
| 8. | Pat and Abel spent Corporation money on a trip to a resort near Austin, a trip to Tennessee, a trip to the Texas coast, an ATV, and a donation to Pat's church. | The expenses about which Plaintiff now complains were duly authorized and approved by a majority of the other family members.  (Exhibits A-F, ¶3(a)) |
| 9. | Pat White and Abel Mosley sometimes received larger distributions than the other shareholders of the Corporation. | The family members have long agreed (going back to at least 2011) that Pat and Abel should receive extra distributions (usually between $500 and $1,000 per year) for the time and energy they devote to running the family entities.   (See affidavits A-F, ¶3(c)) |

| 10. | Abel Mosley does not always follow the LLC Operating Agreement's rules for quorum. | The LLC is managed by managers and a management committee, not by its members.  Therefore, Abel's ability to count heads and make a determination whether or not to proceed with business is understandable and acceptable.  Plaintiffs' complaint regarding any alleged failure to make a precise determination regarding membership quorum would apply only to votes required to be cast by the full membership.  In such an instance the responsibility for confirming the existence of quorum could be handled by any of the other members of the management committee. (See Exhibit A001)  (See, C-F, ¶(c), affidavits from family members stating that a majority of the family is thankful for the way that Pat and Abel discharge their duties) |
|---|---|---|
| 11. | Abel Mosley reports most of the income of the Corporation on the personal tax return of him and his wife. | Abel relied on the advice of the certified public accountant that files his taxes.  Absent a showing that he acted in bad faith (which is not even alleged), he cannot be liable for his actions as a director.  (See, Texas Business Corporation Act Art., 2.41 (D)(2)) which provides:<br><br>D. In the discharge of any duty imposed or power conferred upon a director, including as a member of a committee, the director, may in good faith and with ordinary care, rely on information, opinions, reports, or statements, including financial statements and other financial data, concerning the corporation or another person, that were prepared or presented by:<br>(1) one or more officers or employees of the corporation;<br>(2) legal counsel, public accountants, investment bankers, or other persons as to matters the director reasonably believes are within the person's professional or expert competence; |
| 12. | Abel Mosley testified that he is "keeping" the amount left over after distributions and expenses are deducted from the reported Corporation income on his taxes. | This statement misconstrues Abel Mosley's testimony.  Abel keeps his proportionate share of the funds reported.  Everything else is reported as attributable to the other shareholders.  Ex A & B, ¶(g). |
| 13. | Abel Mosley understands he should not be claiming the Corporation's income on his personal taxes. | Without admitting that there is anything wrong with the way it was being handled, Abel Mosley does not want to have corporate income reported with his own and has asked the accountant to handle it differently in the future.  See ref. to TX Bus. Code above. |

| 14. | Defendants say that the LLC's "principal place of business" is located at 456 East 72nd St., Shreveport, LA 71106. | Defendants deny that this fact is material to any issue. This address was listed as the registered office when the entity was formed. The LLC still receives mail there. . Ex A & B, ¶(h) |
|---|---|---|
| 15. | The 456 East 72nd St. address has nothing to do with the LLC, other than being listed for its registration. | Defendants deny this fact or its alleged materiality to any issue. This address was listed as the registered office when the entity was formed. The LLC still receives mail there. . Ex A & B, ¶(h) |
| 16. | At the March 23, 2019 LLC meeting, Abel Mosley did not allow a vote to remove him and Pat White as managers of the LLC. | The proxy was invalid. It was not proffered as required by Louisiana law. (See affidavits, Exhibits A & B ¶3(i); LSA-RS 12:1318(E)) |
| 17. | At the March 23, 2019 LLC meeting Abel Mosley told a closed session that the proposed lawsuit has "nothing to do" with the LLC. | Defendants deny that they were attempting to defraud anyone with their comments about this lawsuit. The three word quote is taken out of context. Defendants acknowledge that they advised everyone that the entities would likely have to pay for the defense even though the LLC is not named as a party. Defendants contend they have done nothing wrong. (See affidavits, Exhibits A & B ¶3(j)) |
| 18. | At the March 23, 2019 LLC meeting in open session, Abel Mosley suggested to the full membership that they resume making annual contributions to the LLC in part to pay for litigation. | Defendants deny that they were attempting to defraud anyone with their comments about this lawsuit. The three word quote is taken out of context. Defendants acknowledge that they advised everyone that the entities would likely have to pay for the defense even though the LLC is not named as a party. Defendants contend they have done nothing wrong. (See affidavits, Exhibits A & B ¶3(j)) |

Respectfully submitted,

KEVIN W. HAMMOND, APLC

By:     */s/ Kevin W. Hammond*
Kevin W. Hammond
Louisiana Bar Roll No. 25076
REGIONS BANK BUILDING
333 Texas Street, Suite 1401
Shreveport, Louisiana 71101
Telephone     (318) 213-8850
Facsimile     (318) 213-8860